UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> c/o UNITED STATES DEPARTMENT ) <br> OF JUSTICE, 1400 NEW YORK AVENUE, ) <br> N.W., 10TH FLOOR, WASHINGTON, ) <br> D.C. 20005, ) <br>           Plaintiff, ) <br>            ) <br>       v. ) <br>            ) <br> THREE SUMS TOTALING $241,386.58 ) <br> IN SEIZED UNITED STATES CURRENCY, ) <br>            ) <br>           Defendants *in rem*. ) | CIV. NO. 18-750 (RBW) |

## GOVERNMENT'S OPPOSITION TO CLAIMANT AJC TRADING FZC'S MOTION TO DISMISS

The Plaintiff, United States of America, opposes the Claimant's Motion to Dismiss for Failure to State a Claim filed as Docket No. 12 on September 17, 2019. The plain language of the Verified Complaint (Dkt. 1) makes obvious that the Plaintiff's three claims for forfeiture have each met the burden required to survive such a motion and Claimant's Motion should be denied accordingly.

### I.   Plaintiff's Burden to Survive a Motion to Dismiss

"Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions governs a forfeiture action *in rem* arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." Fed. R. Civ. P. Supp. G(1). Supplemental Rule G(8)(b) specifically addresses motions to dismiss and states that, "[t]he sufficiency of the complaint is governed by Rule G(2)," which requires that an *in rem* forfeiture complaint,

1

> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. G(2).

Courts have consistently found that the Government does not have to prove its case just to get in the courthouse door; it need only show that the facts set forth in the complaint are sufficient to create a reasonable belief that the Government will be able to meet its burden of proof at trial. *United States v. $74,500 in U.S. Currency,* 2011 WL 2712604, *2 (D. Md. July 11, 2011). *See also* Rule G(8)(b)(ii) ("the complaint may not be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property). The "Court's function on a motion to dismiss is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Bigsby v. Barclays Capital Real Estate*, 170 F. Supp. 3d 568, 582 (S.D.N.Y. 2016).

In fact, for the purposes of deciding the current motion, the Court must, "take all of the factual allegations in the complaint as true" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), "even if doubtful in fact." *Bell Atlantic v. Twombly*, 550 544, 555 (2007). The Court must further construe all inferences, "in the light most favorable to plaintiff" (*N.M. State Inv. Council v. Ernst & Young*, 641 F.3d 1089, 1094 (9th Cir. 2011)), and look to the totality of the circumstances, including the circumstantial evidence alleged in the complaint. *See*, *e.g.*, *City of Moundridge v. ExxonMobil*, 250 F.R.D. 1, 4 (D.D.C. 2008). However, "there is no requirement that *all* facts and

evidence at the government's disposal be pled in the complaint." *United States v. $79,321 in U.S. Currency*, 522 F. Supp. 2d 64, 17 (D.D.C. 2007)(emphasis in original).

## II. Violations of IEEPA and its Associated Regulations and Orders

As alleged in paragraph 11 of the Verified Complaint, it is "unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition" issued under the International Emergency Economic Powers Act, codified at 50 U.S.C. §§ 1701-1706 (hereafter, "IEEPA"). 50 U.S.C. § 1705. Executive Order 13224 and the Global Terrorism Sanctions Regulations, 31 C.F.R. Part 594 (hereafter, the "GTSR") are such orders and regulations issued pursuant to IEEPA and subject to its penalties. Most relevant to the pending motion before this Court, the GTSR prohibits "[t]he making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked." 31 C.F.R. Part 594.204(a). The GTSR defines property interest as, "interest of any nature whatsoever, direct or indirect." 31 C.F.R. Part 594.306.

## III. The Plaintiff's Specific Claims

The Plaintiff has filed suit for forfeiture of assets pursuant to violations of, among other laws, the IEEPA. Dkt. 1, para. 1. More specifically the Plaintiff cites violations of Executive Order 13224 and the GTSR - the IEEPA authorities under which Kassim Tajideen and Ovlas Trading SA were designated by the U.S. Treasury Department as blocked persons, or more specifically, Specially Designated Global Terrorists (hereafter, "SDGTs") in 2010 and 2011. *Id.*, para. 10-15. As blocked persons, licenses were required from the U.S. Treasury Department in order to lawfully provide any "funds, goods, or services by, to, or for the benefit of," Kassim Tajideen or Ovlas Trading SA regardless of whose name is publicly associated with a transaction. 31 C.F.R. Part 594.204(a).

3

The Verified Complaint alleges that Claimant AJC Trading FZC is actually, "owned by, controlled by, or operated for the benefit of, Kassim Tajideen and Ovlas Trading SA." *Id.*, para. 21. Furthermore, the Claimant, "shares resources, finances, personnel, and other interests with Ovlas Trading SA," and other entities operated by Ali Jaber for the benefit of Kassim Tajideen.[1] *Id.*, para. 21-23.

Plaintiff alleges that the *res* was wire transferred into U.S. banks as part of unlicensed transactions involving the Claimant, and hence for the direct or indirect benefit of Kassim Tajideen due to his ownership of AJC Trading FZC, as well as for the direct or indirect benefit of Ovlas Trading SA due to its status as AJC Trading FZC's corporate parent. *Id.*, para. 29-41.

### IV.     Argument

At a civil forfeiture trial, the Plaintiff must only prove that the *res* is forfeitable by preponderance of the evidence. 18 U.S.C. § 983(c)(1). Therefore it need only prove by preponderance that Claimant AJC Trading FZC conducts business, at least in part, for the direct or indirect benefit of SDGTs Kassim Tajideen or Ovlas Trading SA. 31 C.F.R. Part 594.204(a). To survive the current motion, the Court must only find that the allegations in the Verified Complaint, which are to be considered true, lead to a reasonable belief that the Plaintiff can prevail at trial. Fed. R. Civ. P. Supp. G(2)(f). Although Kassim Tajideen is in government custody and would be available for testimony at trial, the Court must not consider how or the ease to which the Plaintiff will produce its evidence – only the capacity of the allegations to prove forfeitability. *Twombly* at 563, n.8. Summary Judgment at the close of discovery is the proper phase of the litigation for the Claimant and the Court to consider the strength of the

---

[1] This allegation directly contradicts Claimant's central assertion that, "the Government has not alleged any facts supporting its allegation that AJC is in fact owned by blocked persons." Dkt. 12-1, pg. 8.

Plaintiff's case. *Doe v. Rumsfeld*, 800 F. Supp. 2d 94, 114 (D.D.C. 2011) ("At this stage of the litigation, the court does not evaluate the probability of [plaintiff's] success.").

With such a low bar and an obvious bright line test, the Plaintiff concedes that it has not put forth a complex theory or extraordinarily detailed set of facts in the Verified Complaint. But the simplicity and straightforward nature of the Plaintiff's allegations should not be confused with insufficiency. A plain reading of paragraphs 21 through 23 of the Verified Complaint make clear that the Plaintiff intends to demonstrate at trial that Claimant AJC Trading FZC is part of a portfolio of entities owned at least in part by SDGT Kassim Tajideen, and operated jointly with SDGT Ovlas Trading SA and other Tajideen entities. The alleged sharing of resources, finances, and personnel is more than enough to prove a beneficial, "interest of any nature whatsoever, direct or indirect" to SDGTs Kassim Tajideen and Ovlas Trading SA.[2] 31 C.F.R. Part 594.306.

The Plaintiff has also alleged that no licenses from the U.S. Treasury Department were obtained by any U.S. persons that were involved in the wire transactions that generated the *res*, thereby making the transactions themselves *prima facie* violations of IEEPA and the GTSR. Consequently the Plaintiff has alleged ample reasonable belief in the Verified Complaint that the *res* is forfeitable as violative of IEEPA, 50 U.S.C. §1705, and the anti-money laundering statutes, 18 U.S.C. § 1956. The Motion to Dismiss for Failure to State a Claim should be denied accordingly.

---

[2] Throughout the Motion to Dismiss, Claimant incorrectly points to a "50% ownership rule" as an exclusive test for an IEEPA violation. In fact, the "rule" is a guidance tool for assisting the public to identify designated entities "regardless of whether the entity itself is listed in the Annex to Executive Order 13224, as amended, or designated pursuant to § 594.201(a)," – in other words designated entities that are not publicly listed on the U.S. Treasury website or in the Federal Register. 31 C.F.R. Part 594.412. The "rule" does not supersede or replace 31 C.F.R. Part 594's prohibition on providing "direct or indirect" benefit to blocked persons.

## V.     Plaintiff Denies Claimant's Other Arguments and Assertions

In addition to opposing Claimant's main argument that the Verified Complaint fails to state a claim, the Plaintiff opposes other assertions and statements made in the Claimant's motion.

First, Claimant argues that the *res* "could not have involved or been conducted for the benefit of any sanctioned parties, otherwise the sums at issue would have been blocked (i.e., frozen) as soon as they came within U.S. jurisdiction, and any further dealings in such blocked property would have been prohibited." Dkt. 12-1, pg. 2. While it is not true that a blocking of a transaction by a U.S. financial institution is the legal litmus test for IEEPA violations as the Claimant implies, the Verified Complaint in fact alleges in plain language that the sums at issue were indeed blocked upon receipt of a U.S. financial institution. Dkt. 1, para. 28, 31, 35, and 39.

The Claimant also avers that the Verified Complaint contains, "a forfeiture claim with a *mens rea* requirement," and that "the Government must allege that any violation of IEEPA was both knowing and willful." Dkt. 12-1, pg. 10. In fact, the IEEPA statute provides for criminal penalties requiring willfulness by the violator, as well as civil penalties without such a requirement. 50 U.S.C. § 1705. The Verified Complaint alleges both. Dkt. 1, para. 1, 46, 51 and 56. But to be clear, the government need not prove a crime by an asset's owner or anyone at all to prove civil forfeiture. *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 234–35 (1972) (acquittal on criminal charge does not bar later civil forfeiture); *United States v. Cherry*, 330 F.3d 658, 668 n.16 (4th Cir. 2003) ("civil forfeiture proceedings are brought against property, not against the property owner; the owner's culpability is irrelevant in deciding whether property should be forfeited"); *Von Hofe v. United States*, 492 F.3d 175, 190 (2d Cir. 2007) ("criminal conviction of a claimant either in state or federal court is neither a necessary nor sufficient precondition to an in rem forfeiture"); *United States v. Real Prop...Parcel 03179-005R*, 287 F.

Supp. 2d 45, 62 (D.D.C. 2003) (money laundering conviction not a prerequisite for civil forfeiture finding"). Hence the Claimant's attacks on the Plaintiff's money laundering and money laundering conspiracy claims improperly conflate the requirements to prove a criminal case with the requirements of a civil forfeiture.

In addition, the claimant misadvises the court as to what funds can be considered proceeds in the IEEPA forfeiture context, implying that no laws were broken if no profits were made. Dkt. 12-1, para. 12. ("Funds become proceeds when they are derived from an already completed offense, or a completed phase of an ongoing offense.") As alleged throughout the Verified Complaint, pursuant to 18 U.S.C. § 981(a)(2)(A), "proceeds" refers to "property of any kind obtained directly or indirectly, as a result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from this offense."

Similarly, the Claimant argues for dismissal of the Verified Complaint because, "each defendant property transaction cannot simultaneously be both the alleged IEEPA violation and the alleged money laundering violation." Dkt. 12-1, para. 13. However this Court completely disagreed just last year after careful analysis in the criminal case of *United States v. Kassim Tajideen*, 319 F.Supp.3d 445, 467-69 (D.D.C. 2018).

### VI. Conclusion

For the foregoing reasons, the Court should deny the Claimant's Motion to Dismiss and order the Claimant to immediately answer the Verified Complaint.

Dated: October 1, 2019                    Respectfully submitted,

                                                DEBORAH L. CONNOR
                                                Chief
                                                Money Laundering and Asset Recovery Section

By:    /s/

                                                Joseph Palazzo, MA No. 669666
                                                Trial Attorney
                                                Criminal Division, US Department of Justice
                                                1400 New York Avenue, N.W., 10th Floor
                                                Washington, DC 20005
                                                (202) 514-1263

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of October, 2019, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

By:     /s/
Joseph Palazzo
Trial Attorney, Criminal Division
US Department of Justice
Washington, DC 2005
(202) 514-1263